[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 18, 2007
THOMAS K. KAHN
CLERK

No. 06-15842
Non-Argument Calendar

_____

D. C. Docket No. 06-00731-CV-J-16TEM

ELISE KAHN,

Plaintiff-Appellant,

versus

AMERICAN HERITAGE LIFE INSURANCE COMPANY,
ALLSTATE FINANCIAL CORPORATION,
ALLSTATE INSURANCE COMPANY,
THE ALLSTATE CORPORATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 18, 2007)**

Before ANDERSON, BARKETT and HILL, Circuit Judges.

PER CURIAM:

This case originated in the Court of Common Pleas, Bucks County, Pennsylvania. Elise Kahn asserted a claim against defendants for unlawful retaliation under the Pennsylvania Human Relations Act (the "PHRA" or the "Act").

Defendants removed this action to the United States District Court for the Eastern District of Pennsylvania, asserting diversity jurisdiction. Defendants then filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), asserting that Kahn failed to state a claim under the PHRA because she is an independent contractor and not within the class of independent contractors protected by the Act. Defendants also argued that under the forum selection clause of Kahn's employment contract, the Pennsylvania district court should exercise its authority under 28 U.S.C. § 1404(a) and transfer plaintiff's case to Duval County, Florida.

The Pennsylvania district court agreed with Defendants, and transferred this case to the Middle District of Florida, Jacksonville Division, which is located in Duval County, Florida, thereby satisfying the forum selection clause. Plaintiff did not appeal this transfer to the Court of Appeals for the Third Circuit, although such relief was available. *See In re United States*, 273 F.3d 380, 383-85 (3d Cir. 2001). Instead, she waited until the district court for the Middle District of Florida

2

dismissed her case on the merits to argue on appeal to us that the transfer was improvident. We are without jurisdiction to review challenges to the transfer decision of a district court located within another circuit. *Roofing & Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985-86 (11th Cir. 1982).

As to her appeal of the district court's decision to dismiss her claim for retaliation under the PHRA, we find no error in the district court's conclusion that Kahn is not covered by the Act. The statute limits the scope of its protection against discrimination and retaliation to persons who are employees or within an identifiable class of independent contractors. Although Kahn asserts that, as defendants' insurance agent, she was within this class, the statute limits the class to:

> [a]ny person who is subject to the provisions governing any of the professions and occupations regulated by State licensing laws enforced by the Bureau of Professional and Occupational Affairs in the Department of State or is included in the Fair Housing Act.[1]

43 Pa. Cons. Stat. Ann. § 954(x).

Insurance agent is not one of the professions or occupations regulated by the Bureau of Professional and Occupational Affairs in the Department of State of Pennsylvania. *See* 63 Pa. Cons. Stat. Ann. §§ 1-2334. In fact, the only insurance occupation listed as covered, that of insurance *adjuster*, specifically excludes

---

[1]The Fair Housing Act does not apply to this case.

3

insurance *agent* from its definition. *Id.* at § 1061. Insurance agents are regulated by a wholly separate agency, Pennsylvania's Insurance Department.

The class of independent contractors covered by the PHRA is specifically limited by the Act and cannot be expanded beyond the scope that was intended by the Pennsylvania legislature. *See Velocity Express, v. Pennsylvania Human Relations Comm'n*, 853 A.2d 1182, 1186 (Pa. Commw. Ct. 2004). Therefore, the district court did not err when it found that an insurance agent is not within the limited class of independent contractors covered by the PHRA.

Accordingly, as Kahn does not belong to the limited class of independent contractors covered by the statute, the district court correctly dismissed her complaint filed under the Act, and the dismissal is due to be

AFFIRMED.